NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR WILFREDO ALFARO-GARCIA, AKA Edgar Alfaro, AKA Edgar Wilfredo Alfaro, AKA Jorge Contreras, AKA Edgar Wilfredo Garcia, | No. 15-70086 |
| | Agency No. A205-315-788 |
| Petitioner, | |
| | MEMORANDUM* |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Edgar Wilfredo Alfaro-Garcia, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Alfaro-Garcia does not challenge the agency's dispositive determination that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to excuse the untimeliness. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in finding that Alfaro-Garcia did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's

determination that Alfaro-Garcia otherwise failed to demonstrate a nexus between the harm he experienced or fears in El Salvador and a protected ground. *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (an applicant for withholding of removal must demonstrate that it is more likely than not that he would be subject to persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Alfaro-Garcia's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Alfaro-Garcia failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not reach Alfaro-Garcia's contentions as to whether he was convicted of a particularly serious crime. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

To the extent Alfaro-Garcia's motion, filed at Docket Entry No. 12, seeks to supplement the record or his arguments in support of this petition for review, it is denied.

**PETITION FOR REVIEW DENIED.**